RAYMOND v. MORRISON ET AL.

1. **Judgment:** IN BANKRUPTCY: NOT COLLATERALLY ATTACKED. The appointment of one as provisional assignee of a bankrupt by a court having jurisdiction, though irregular and erroneous, is not void, and cannot be attacked in a collateral proceeding.

2. **Conveyance:** QUITCLAIM DEED: RIGHTS OF GRANTEE. A grantee who takes real estate by a quitclaim deed only cannot be regarded as a good faith purchaser; and is not entitled to protection as against prior equities of which he had no notice, but one who takes from such grantee by a warrantee deed, in good faith and without notice of such equities, will be protected.

3. **Evidence:** FRAUD: BURDEN OF PROOF. The burden of proof to show bad faith is on him who alleges it, and *held* that the evidence in this case was not sufficient to establish bad faith on the part of plaintiff's assignee. His conduct was consistent with an honest purpose and a dishonest purpose should not be presumed.

4. ———: OF ADVERSE POSSESSION: PAYMENT OF TAXES NOT. The payment of taxes on a tract of land is not evidence of the adverse possession of it.

*Appeal from Poweshiek District Court.*

FRIDAY, SEPTEMBER 22.

ACTION to foreclose a mortgage, judgment for the plaintiff, and defendant and intervenor. appeals.

*Clark & Cheshire*, for intervenor.

*Redman, Carr & Farmer* and *Ballard & Robinson*, for appellant.

*Clark Varnum*, for appellee. .

SEEVERS, CH. J.—The pleadings are quite lengthy but the facts upon which the case must be determined may be briefly stated.

In 1855, W. W. Wellingham was the owner of the mortgaged premises and in that year, as is claimed, he conveyed the same to Hugh D. Downey. This deed was not filed for record until 1878. In 1855, Downey conveyed to W. E. Spencer, such conveyance having been filed for record in 1856. In 1877, Spencer was adjudged a bankrupt and the intervenor, Pierce, appointed "provisional assignee of the estate and effects of said Spencer, with full power and authority to take possession of, manage and control the same."

The defendant, Morrison, paid the taxes on the real estate for the year 1876, and with this exception Spencer paid the taxes from the time Downey conveyed to him until 1878, when the taxes were paid by the plaintiff. In 1876, Wellingham conveyed the premises by quitclaim deed to the defendant, Clark Varnum, and he within ten days thereafter conveyed by warranty deed to one Hastings, and the latter to the defendant, Morrison, by whom the mortgage sought to be foreclosed was executed. The mortgage and conveyances last named were all filed for record in June, 1876. At the time Wellingham conveyed to Varnum there was no one in possession claiming title. Hastings sold and assigned the

Raymond v. Morrison.

mortgage to Varnum and the latter to the plaintiff. The defendant, Morrison, resists the payment of the mortgage on the ground that he did not obtain any title to the premises, and the intervenor insists that he, as assignee in bankruptcy of Spencer, is the owner thereof, and in substance asks that his title be established.

I. The plaintiff insists, for several reasons, this cause cannot be heard *de novo* in this court. We do not deem it necessary to determine such question. The plaintiff also insists, and the court below found and decreed, that the intervenor, Pierce, as provisional assignee, did not have the right to commence or prosecute his cross action, and the same was dismissed. In so doing we think the court erred. The bankrupt court had, undoubtedly, jurisdiction and power to make an order concerning the estate. The order cannot be said to be void because Pierce was designated as provisional assignee. Full power and authority was given him to control the property of the bankrupt. This could not be done in this case in any other way than was done. The appointment of Pierce may have been irregular and erroneous, but it was not void, because the court was vested with full jurisdiction to make it. It, therefore, cannot be attacked and set aside in this collateral proceeding.

*1. JUDGMENT in bankruptcy: not collaterally attacked.*

II. It is urged with great force that Varnum had sufficient knowledge to put him on inquiry as to the conveyance from Wellingham to Downey. We incline to think this is so, but it is really immaterial whether he had or not, because Varnum is not entitled to protection for the reason that he held under a quitclaim deed only and cannot be regarded as a good faith purchaser. The material question is as to the rights of Hastings, the plaintiff, and defendant. Varnum conveyed to Hastings by warranty deed. The latter, therefore, is entitled to protection, if he is a good faith purchaser without notice of the equities of the intervenor or Spencer. It is insisted that Hastings had suffi-

*2. CONVEYANCE: quitclaim deed: rights of grantee.*

cient knowledge to put him on inquiry, but we are unable to so find. Varnum and Hastings had known each other for some years. The relation of attorney and client had existed, and perhaps continued to exist, between them.

The purchase by Hastings was made within a few days after the conveyance was made from Wellingham to Varnum. The price paid was $425, and very shortly thereafter, Hastings sold to the defendant for $1,000, and without recourse on him, sold and assigned the notes for the unpaid purchase-money amounting to $800 to Varnum. The notes were payable in two, three and four years after date with ten per cent per annum. Varnum paid Hastings for the notes $525. The foregoing are the material circumstances tending to show a fraudulent combination between Varnum and Hastings; opposed to which is their positive evidence that there was no division of profits, and that the transaction in all respects was honest and *bona fide*. The question is whether Hastings, prior to the purchase, had sufficient knowledge of the unrecorded deed from Wellingham to Downey to put him on inquiry. He testifies he did not have any knowledge of such deed. There is no evidence tending to show he had, unless the circumstances above stated have that effect. Up to, and preceding the purchase, there was nothing in the conduct of Hastings which in any just sense can be regarded as suspicious. His conduct was consistent with an honest purpose. This being so, a dishonest purpose should not be presumed. The fact that Hastings purchased the land for $425 cash, and within a few days thereafter sold for $1,000, mostly on time, cannot be sufficient to charge him with notice that either his or Varnum's title was bad. His intimacy with Varnum does not have much significance. The conduct of Hastings after his purchase is wholly immaterial, except as it may tend to show bad faith in making the purchase and to discredit his positive evidence as to his good faith. At most, the conduct of Hastings may be said to be suspicious, but we cannot say it is sufficient to discredit his

*3. EVIDENCE: fraud: burden of proof.*

positive evidence of good faith. The transaction on his part was honest, or he has been guilty of willful and deliberate perjury. The burden to show bad faith on the part of Hastings was on the appellants, and we think they have failed to establish such fact.

III. Having found that Hastings is entitled to protection, it follows, we incline to think, that the plaintiff and defendant are entitled thereto. But, if this be not so, there is no sufficient evidence either of them had knowledge of the equities of Spencer. To our minds there is no evidence which in any just sense can be said to tend to so prove as to the plaintiff. As to the defendant, the only fact of significance is that he had been informed before his purchase that Spencer had paid the taxes on the land. But he was assured by Hastings that the title was good, and the payment of taxes, at most, is evidence of a claim of title. As there was no one in possession, we do not think the mere payment of taxes was sufficient to put him on inquiry. It has been held the payment of taxes is not evidence of adverse possession. *S. C. & I. F. Town Lot Co. v. Wilson et al.*, 50 Iowa, 422. The judgment of the court foreclosing the mortgage must be affirmed, but so much thereof as dismissed the cross petition of Pierce must be modified and a decree entered quieting the title to the real estate in the defendant. Such a decree, if desired, may be entered in this court.

<div style="margin-left:2em; font-size:smaller">4. EVIDENCE: of adverse possession: payment of taxes not.</div>

MODIFIED AND AFFIRMED.